UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ADELAIDA HOFMANN,** as Personal
Representative of the Estate of Michael Hofmann,
Minor Child A and Minor Child B of Michael
Hofmann, By and through their Mother and
Natural Guardian, **ADELAIDA HOFMANN,**

    Plaintiffs,

vs.                                                                           CASE NO.: 4:18-cv-575

The **FLORIDA DEPARTMENT OF
CORRECTIONS,** an agency of the state of
Florida, **JOHN DOE INDIVIDUALS 1-10,
JOHN DOE COMPANIES AND
CORPORATIONS 1-10, JOHN
PALMER,** in his individual capacity**,**

    Defendants.
_____/

## COMPLAINT

The Plaintiffs, Adelaida Hofmann, as Personal Representative of the Estate of Michael Hofmann, and Minor Child A and Minor Child B of Michael Hofmann, by and through their Mother and Natural Guardian, Adelaida Hofmann, by and through the undersigned counsel, hereby sue the Florida Department of Corrections, John Doe Individuals 1-10, and John Doe Companies and Corporations 1-10, John Palmer, and alleges as follows:

### JURISDICTION AND VENUE

1

1. Plaintiffs brings the following claims for: (1) Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.,* and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as amended, and (2) Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 based on violations of the Eighth Amendment to the United State Constitution for Failure to Provide Medical Care, for which venue lies within the United States District Court for the Northern District of the State of Florida (Tallahassee Division).

2. Jurisdiction and venue are proper in the Northern District of Florida (Tallahassee Division) in that the Department of Corrections is headquartered with its principle place of business in Leon County, Florida, and the acts giving rise to the cause of action occurred within the State of Florida. Further, DOC would have and/or did approve and recognize Hofmann as having a disability from Leon County, through its ADA coordinator.

3. This Court has jurisdiction over the claims asserted pursuant to Title 28 U.S.C. § 1331.

4. This claim is brought within the applicable statute of limitations.

## THE PARTIES

### Michael Hofmann

5. Michael Hofmann, (hereinafter "Hofmann") was an inmate at Florida State Prison. Hofmann had a mental disability due to an injury he sustained when he was approximately eighteen (18) years old.

6. Since he was approximately 18 years old, Hofmann received disability benefits for his mental disability, had a record of disability, and it was objectively obvious that he had a disability.

7. The Florida Department of Corrections had a record of Hofmann's mental disability. Hofmann was regarded by DOC as having a mental disability.

8. Hofmann's disability substantially limited his major life activities, including brain activity, neurological functions, and cognitive functions.

9. Due to Hofmann's condition and disability, he committed suicide on January 9, 2015.

**Florida Department of Corrections**

10. The Florida Department of Corrections (hereinafter "DOC") is an agency of the State of Florida with its principle place of business and headquarters in Leon County, Florida.

11. Defendant DOC owns and operates correctional facilities in Florida and receives federal funds to operate its agency.

12. Defendant DOC is subject to Title II of the Americans with Disabilities Act and the Rehabilitation Act (hereinafter "ADA and RA").

### John Doe Individuals 1-10

13.     John Doe Individuals 1-10 (hereinafter "Doe Individuals") are employees, agents, or contractors, of Defendant DOC or Defendant John Doe Companies and Corporations and have personal liability under 42 U.S.C. §1983 for violations of Hofmann's rights under the Eighth Amendment to the United States Constitution. One of the individual John Doe's is a correctional officer (hereinafter "John Doe Correctional Officer") who received the information from Molly Jean Paris (*see infra*) and worked at Florida State Prison on or about January 8, 2015. The identity of this individual is unknown at this time; however, Plaintiffs will amend to add his or her name once their name is confirmed.

14.     Once Defendant DOC's records are produced to Plaintiffs, Plaintiffs will amend and name the Doe Individuals by name and allege with specificity the basis for liability.

### John Doe Companies and Corporations 1-10

15.     John Doe Companies and Corporations 1-10 (hereinafter "Doe Entities") are contractors of Defendant DOC who contracted with Defendant DOC to provide medical services and other services for Defendant DOC. Upon information and belief, the Doe Entities violated Hofmann's rights under Title II of the ADA and section 504 of the RA.

16.     Upon information and belief, the Doe Entities receive federal funding, either directly or indirectly, through Defendant DOC for the services provided at Florida State Prison.

17.     Once Defendant DOC's records are produced to Plaintiffs, Plaintiffs will amend and name the Doe Entities by name and allege with specificity the basis for liability.

### John Palmer

18.     Defendant John Palmer (hereinafter "Palmer") was the Warden of Florida State Prison in January of 2015. Defendant Palmer had actual knowledge of the request for accommodations and declaration of psychological emergency by Molly Jean Paris on behalf of Hofmann and ignored such requests. Defendant Palmer's actions and inactions constitute deliberate indifference and violate the Eighth Amendment and the ADA and RA.

### Adelaida Hofmann, Personal Representative of the Estate of Michael Hofmann and Natural Guardian of Minor Child A and Minor Child B

19.     Plaintiffs, Adelaida Hofmann, as Personal Representative of the Estate of Michael Hofmann (hereinafter "Plaintiff Estate"), and as Natural Guardian of Minor Child A and Minor Child B (hereinafter "Plaintiff Guardian"), bring the claims for violation of the ADA and RA and the Eighth Amendment.

20.     At the time of Hofmann's death, Adelaida Hofmann was not married to Hofmann. However, Adelaida Hoffman is the mother and natural guardian of Minor

5

Child A and Minor Child B. Further, Minor Child A and Minor Child B were Hofmann's natural children and had a relationship with their father.

## Hofmann's History of Disability

21.   Hofmann had a documented history of a mental disability with Defendant DOC. Indeed, Hofmann received beatings in violation of the Eighth Amendment and the ADA and RA prior to his death for actions he could not control due to his mental disability.

22.   Upon information and belief, on one occasion Hofmann was taken to the infirmary for his disability. Hofmann's disability caused him to believe he was in a relationship with a nurse. Due to involuntary actions and his inability to understand, perceive, and process the truth as a result of his mental disability, Hofmann engaged in non-violent or non-life-threatening conduct that resulted in Hofmann suffering a severe beating in violation of his Eighth Amendment right to be free from cruel and unusual punishment and in violation of the ADA and RA. In other words, instead of appropriately treating and address Hofmann's mental disability and the challenges it presented, Hofmann was beaten to a pulp.

## January of 2015

23.   In January of 2015, Hofmann was severely suffering from his mental disability.

24. On or about January 8, 2015, Hofmann was visited by Molly Jean Paris (hereinafter "Paris"), an attorney with Disability Rights Florida. During this meeting, Paris determined that Hofmann was suicidal and needed to be placed in the infirmary for suicide watch. Paris immediately notified Defendant John Doe Correctional Officer that Hofmann was suicidal and needed to be placed in the infirmary for suicide watch, effectively declaring an inmate psychological emergency for Hofmann. Defendant John Doe Correctional Officer was required by policy and procedure to take Hofmann to the infirmary for a psychological hold for suicide watch. Further, as a result of the disclosure by Paris and the declaration of an inmate psychological emergency, correctional officer thus had objective and subjective knowledge that Hofmann was suicidal.

25. The request by Paris for Hofmann to be placed in the infirmary for a suicide watch was also a request for accommodations under the ADA and RA. This was a request for a reasonable accommodation, being moved to the infirmary for a suicide watch so that Hofmann could be monitored

26. In an effort to ensure that her request for accommodations and declaration of an inmate psychological emergency was addressed timely, Paris immediately sent a letter to Defendant Palmer, the Warden of Florida State Prison at the time relaying the same information about Hofmann.

27. Defendant DOC did not provide the reasonable accommodation and left Hofmann in his cell. Further, Defendant DOC, Defendant John Doe Correctional Officer, and Defendant Palmer failed to respond to the declaration of inmate psychological emergency, demonstrating a deliberate indifference to the serious medical needs of Hofmann and which resulted in his tragic and untimely death.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
**Eighth Amendment Claim Brought by Plaintiff Estate and Plaintiff Guardian against Defendant John Doe Individuals 1-10, including Defendant Palmer and Defendant John Doe Correctional Officer**

28. Plaintiffs Estate and Guardian incorporate and re-allege Paragraphs 1 through 27 as if fully alleged herein.

29. Plaintiffs brings this claim for the violation of 42 U.S.C. § 1983 (Eighth Amendment Claim), deliberate indifference of a medical need, against Defendant John Doe Individuals 1-10, Defendant Palmer, and Defendant John Correctional Officer.

30. At all times material hereto, the Defendants listed in Paragraph 29 acted under color of state law and intentionally deprived Hofmann of his rights under the United States Constitution.

31. The Defendants listed in Paragraph 29 are being sued in their individual capacities.

32. Hofmann had a serious medical need on or about January 8, 2015. The Defendants listed in Paragraph 29 were aware that Hofmann was in danger due to his mental disability and ignored his serious medical need. Hofmann's condition and serious medical need was so obvious that even a layperson would easily recognize the necessity for a doctor's attention and treatment, including being placed in the infirmary on suicide watch, based on the request for accommodations and declaration of inmate psychological emergency by Paris on behalf of Hofmann.

33. The delay in treatment, or the refusal to provide treatment, by the Defendants listed in Paragraph 29 resulted in the tragic death of Hofmann. In between the time Paris made the request for accommodations and declaration of inmate psychological emergency on behalf of Hofmann and the time of his death, Hofmann's condition and disability posed a substantial risk of serious harm to himself.

34. It is not uncommon for inmates to rely on third parties, including other inmates, DOC staff, family members, or attorneys, to request accommodations on behalf of an inmate or declare inmate medical or psychological emergencies on behalf of an inmate.

35. The request for an accommodation and declaration for inmate medical emergency by Paris placed the Defendants listed in Paragraph 29 on notice that Hofmann was at risk of serious or life-threatening harm.

36. Hofmann had a serious medical need during this time period.

37. The refusal to provide an accommodation or place Hofmann in the infirmary on January 8, 2015, constitutes deliberate indifference and violates the United States Constitution.

38. Plaintiffs suffered damages as a result of the constitutional violation, including emotional pain and suffering, loss of enjoyment of life, loss of support, and other compensatory damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants listed in Paragraph 29 for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this court deems appropriate.

## COUNT II
## VIOLATIONS OF TITLE II OF THE ADA AND SECTION 504 OF THE RA
## By Plaintiff Estate Against Defendant DOC and Defendant Entities
*(pled in the alternative)*

39. Plaintiff Estate incorporates and re-alleges paragraphs 1 through 27 above, except to the extent that, for the purposes of this Count, the Plaintiff pleads in the alternative and alleges that at all material times hereto, Defendant DOC's and Defendant Entities' agents and employees were operating within the scope of their employment.

40. Count Two is a claim for disability discrimination against Defendant DOC and Defendant Entities pursuant to 42 U.S.C. § 1983, for violating Title II of the ADA. Title II of the ADA prohibits disability-based discrimination by any public

entity, including refusal to provide reasonable accommodations. *See* 42 U.S.C. §§ 12131–12132; 28 C.F.R. §§ 35.130, 39.130.

41. Section 504 of the RA prohibits discrimination against an individual based on disability by any program or entity receiving federal funds. *See* 29 U.S.C. §§ 794(a), (b)(1)(A), (b)(1)(B), and (b)(2)(B).

42. These disability, anti-discrimination laws impose an affirmative duty on public entities to create policies or procedures to prevent discrimination based on disability.

43. Plaintiff was disabled as defined in 42 U.S.C. § 12102 and 42 U.S.C. §§ 12131, 28 C.F.R. §§ 35.108, as he suffered a physical impairment that substantially limited one or more of his major life activities.

44. Defendant DOC is a program or entity that receives federal financial assistance.

45. Defendant Entities are programs or entities that receive federal financial assistance at least in part by virtue of the services it provided on behalf of Defendant DOC.

46. Defendant DOC is a public entity as defined by Title II of the ADA.

47. Defendant Entities are a public entity as defined by Title II of the ADA.

48. Florida State Prison is a prison facility owned and operated by Defendant DOC to provide programs, services, and activities of Defendant DOC, and is therefore a public entity for purposes of Title II of the ADA.

49. Hofmann was an individual eligible to receive the services and participate in the programs and activities provided by Defendant DOC and Defendant Entities.

50. Hofmann, through Paris, requested reasonable accommodations for his mental disability Hofmann's mental disability was a disability as defined under the ADA and RA.

51. Defendant DOC delayed providing the treatment for Hofmann's mental disability, the reasonable accommodation. The reasonable accommodation for Hofmann was for him to be brought to the infirmary and be placed in the special watch infirmary cell on suicide watch and treated for his mental disability. Paris made this request for an accommodation through her request that Hofmann be placed in the infirmary due to the likelihood at his attempt of suicide, as well as through her declaration of an inmate psychological emergency on behalf of Hofmann. Defendant DOC and Defendant Entities were required to provide such treatment to Plaintiff under the 8th Amendment to the United States Constitution and the ADA and RA.

52. Such conduct constitutes discrimination and a refusal to accommodate in violation of Title II of the ADA and section 504 of the RA.

53. Had Defendant DOC and Defendant Entities provided the accommodation on January 8, 2015, and not discriminated against Hofmann, Hofmann would have been unable to commit suicide in his cell on January 9, 2015.

WHEREFORE, the Plaintiff Estate demands judgment against Defendant DOC for compensatory damages, including for physical injury, disfigurement, permanent physical injury, and emotional pain and suffering, for punitive damages, for all prejudgment interest allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all counts alleged above.

DATED this 17th day of December, 2018.

Respectfully submitted,

The Law Offices of
STEVEN R. ANDREWS, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS (FBN 0104703)
STEVEN R. ANDREWS (FBN 0263680)
JOHN M. VERNAGLIA (FBN 1010637)
Service: service@andrewslaw.com
*Attorneys for Plaintiffs*